UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

YU HIN CHAN                                                         CIVIL ACTION

VERSUS                                                              NO. 25-1959

KAREN MAY BACDAYAN                                                  SECTION "R" (3)

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Yu Hin Chan filed the instant suit against Karen May Bacdayan, Kevin C. McClanahan, Carmen A. Pacheco, Dawn Hill-Kearse, Wavny Toussaint, and Re/Max.[1] Plaintiff alleges that Defendants conspired together and deprived Plaintiff of due process.[2] Plaintiff brough this action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act.[3] He seeks one billion dollars in damages.[4]

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). Summons has not issued, however, to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. The Court ordered that Plaintiff show cause why his Complaint should not be dismissed for failure to state a claim.[5] Plaintiff did not respond to that order. His Complaint does not meet

---

[1] R. Doc. 1 at 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] R. Doc. 5.

1

the *in forma pauperis* requirements.

## I.    Standard of Law

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that**--
>
>> **(A)** the allegation of poverty is untrue; or
>> **(B)** the action or appeal--
>> **(i)** is frivolous or malicious;
>> **(ii)** fails to state a claim on which relief may be granted; or
>> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.    Analysis

Plaintiff's skeletal allegations are as follows:

1.  The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner claimed in his sworn affidavit,

2.  All defendants conspired together and deprived Plaintiff of due process[.]

3.  This Court has jurisdiction under the RICO Act.

Liberally construed, Plaintiff brings a claim for conspiracy against rights under 18 U.S.C. § 241.[6] The statute, however, does not provide Plaintiff with a civil cause of action. *See Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) ("18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability."). Further, "[Plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Id*. Accordingly, Plaintiff's claim under 18 U.S.C. § 241 fails for lack of standing.

Plaintiff also appears to sue under 18 U.S.C. § 1962(d), the conspiracy prong of the RICO Act.[7] "Regardless of subsection, RICO claims under § 1962 have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (internal quotations and

---

[6] R. Doc. 1 at 1.

[7] *Id*.

3

citations omitted). Plaintiff's Complaint contains no specific factual allegations relative to the elements of a § 1962 claim. Thus, Plaintiff fails to state any non-frivolous RICO Act claim. Moreover, Plaintiff fails to state any cognizable claim against any defendant.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, Louisiana, this 11th day of February, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

4