UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YU HIN CHAN                                    CIVIL ACTION

VERSUS                                         NO. 25-1959

KAREN MAY BACDAYAN, ET AL.                     SECTION "R"

## ORDER AND REASONS

Before the Court is pro se plaintiff Yu Hin Chan's motion to proceed *in forma pauperis* on appeal with the Fifth Circuit.[1] For the reasons that follow, the Court denies Chan's motion.

A claimant may proceed with an appeal *in forma pauperis* if she meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant's affidavit must "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and

---

[1]     R. Doc. 10.

affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). An issue is not frivolous if it involves "legal points arguable on their merits." *Id.*

The Court pretermits discussion of Chan's failure to provide fulsome responses to all questions necessary to make a reasoned decision on whether the costs of appeal would cause her financial hardship as her intended appeal is frivolous. Plaintiff states that her issue on appeal is that "lower court erred in dismissal."[2] This claim is conclusory and fails to identify any defect rendering the judgment contrary to the law and evidence. *See Chalmers v. Ridge*, 100 F. App'x 961, 963 (5th Cir. 2004) (affirming district court's finding that appeal was not taken in good faith and noting "[a]lthough we apply less stringent standards to parties proceeding *pro se*[,] . . . *pro se* parties must still brief the issues and reasonably comply with the requirements of Fed. R. [App.] P. 28"); *see also Spearman v. Collins*, 500 F. App'x 742, 744 (10th Cir. 2012) (finding appeal was not taken in good faith when the appellant "ma[de] only conclusory, vague and unsubstantiated"

---

[2]    R. Doc. 10.

assignments of error). The Court finds that Chan has failed to identify a nonfrivolous issue for appeal. Her intended appeal is therefore not "taken in good faith," and the Court must deny her motion to proceed *in forma pauperis* on appeal. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

Accordingly, Chan's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __31st__ day of March, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3